FILED
SUPERIOR COURT
OF GUAM

2019 JUN 21 PM 4: 00

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ISLAND EYE CENTER, INC. dba ISLAND EYE AND RETINA CENTER, <br><br> Plaintiff, <br><br> vs. <br><br> PETER N. LOMBARD, M.D., ADVANCED EYECARE, LLC dba LOMBARD HEALTH, DESIREE NEDEDOG, JOHN and JANE DOES 1 through 20, <br><br> Defendants. | Case No. CV0026-17 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

Plaintiff has moved to stay a decision on Defendants' motion for summary judgment until after a discovery dispute has been resolved. This matter is before the Honorable Michael J. Bordallo. Island Eye Center, Inc. dba Island Eye and Retina Center ("Island Eye") is represented by Daniel J. Berman, Esq. of Berman O'Connor & Mann. Peter N. Lombard, M.D., Advanced Eyecare, LLC dba Lombard Health, Desiree Nededog, John and Jane Does 1 through 20 ("Defendants" or if referring to Peter N. Lombard himself, "Lombard") are represented by attorney Delia Lujan Wolff of Lujan & Wolff, LLP. Having considered the arguments and the applicable law, the Court hereby **DENIES** Island Eye's motion.

ORIGINAL

## BACKGROUND

The instant matter arises out of Island Eye's Apr. 16, 2019 motion ("Motion") to stay the Court's decision on summary judgment until an ongoing discovery dispute is resolved. Defendants filed an opposition to the Motion on May 14, 2019. The Court recognized that the deadline for the summary judgment decision would come only a few days after the motion practice deadlines for the Motion. Therefore, to have time to properly address the Motion and its interaction with summary judgment, the Court on May 21, 2019 stayed the summary judgment decision until after the deadline for all pleadings on the Motion and a decision could be issued on the Motion. The next day, May 22, 2019 Plaintiff filed a reply to Defendants' opposition. The Motion, whose full title is Plaintiff's Motion for Continuance or Stay Upon Defendants' Request for Delay to Meet and Confer on Dispute Over the Discovery Agreement, is now before the Court.

## DISCUSSION

This case originated in 2017 with claims of breach of contract, misappropriation of trade secrets, and other related claims brought by Island Eye, a Guam eye clinic, against a doctor, Lombard, who formerly worked part-time there, and against other former employees. The parties have an ongoing discovery dispute in which Island Eye has requested the production of financial records, in particular Defendants' gross receipt tax records or summaries of them. Island Eye seeks these records in order to demonstrate that Lombard was engaged in direct competition with Island Eye while being employed there, in violation of his fiduciary duty of loyalty and covenant of good faith and fair dealing, and perhaps other reasons. In the Motion, Island Eye has petitioned the Court under Guam Rule of Civil Procedure 56(f) not to make a decision on summary judgment until the discovery dispute is

resolved. Island Eye argues that items in the discovery may help establish that there is a genuine dispute as to material fact that will preclude summary judgment.

The Court will not grant the Motion. The Court analyzed each summary judgment claim to determine whether discovery could affect whether there is a genuine issue as to material fact. After the analysis, the Court concludes that even if the discovery items were to be produced, they would not be able to establish that there is a genuine issue as to material fact on Island Eye's claims, and therefore there is no reason to grant a stay to await further discovery. The forthcoming decision on the summary judgment motion will further clarify this matter. Therefore, the Court **DENIES** the Motion.

SO ORDERED, this _21_ day of _June_ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Berman O'Connor & Mann; Lujan & Wolff
Date: 6/24/19 Time: 4:15pm

Deputy Clerk, Superior Court of Guam